UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLOSED

| | |
|---|---|
| OSBORNE S. MALONEY,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK NOGAN, et al.,<br><br>    Respondents. | Civil Action No. 14-1548 (FLW)<br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** coming before the Court upon the filing by *pro se* Petitioner Osborne S. Maloney of a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  The Petition challenges a judgment of conviction filed in the Superior Court of New Jersey, Middlesex County, on January 16, 2007, on two grounds.

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).   In this case, Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.,* AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), and he did not sign the Petition.

**THEREFORE**, it is on this   27th   day of   March  , 2014,

**ORDERED** that Petitioner's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations

time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F.App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, then he shall so notify the Court, in writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the form supplied by the Clerk; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a completed and signed petition on the form supplied by the Clerk, the Clerk will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Petitioner by regular U.S. mail and shall administratively terminate the case.

        s/Freda L. Wolfson
       **FREDA L. WOLFSON, U.S.D.J.**